UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CUMULUS MEDIA INC.,                      :
                                         :
                        Plaintiff,       :
                                         :
            v.                           :        **COMPLAINT**
                                         :
                                         :
JUSTIN GOLDMAN,                          :
                                         :
                                         :
                                         :
                        Defendant.       :

---------------------------------------------------------------x

Plaintiff Cumulus Media Inc. d/b/a KNBR ("Plaintiff" or "Cumulus"), by its attorneys,

Greenberg Traurig LLP, as and for its Complaint against Defendant Justin Goldman ("Defendant"

or "Goldman"), states as follows:

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment under 28 U.S.C. § 2201 that Cumulus

has not infringed any copyright claimed by Goldman.  Goldman has alleged that Cumulus' conduct

violates his purported copyright, creating an actual, immediate controversy.  Cumulus denies any

infringement, contends that its conduct is lawful under the Copyright Act, and seeks a judicial

declaration to eliminate the uncertainty and business harm created by Goldman's allegations and

to clarify respective rights.

2.      This is also an action for a declaratory judgment that the current dispute between

Goldman and Cumulus (together, the "Parties") is not arbitrable.  In connection with a prior dispute

(the "Prior Dispute"), described more fully herein, the Parties entered into a prior Confidential

Settlement Agreement and Release (the "Agreement") on or about April 3, 2017, under which the

Parties were bound to certain obligations relating to past conduct. The Agreement contains a

provision which requires arbitration only for claims and disputes "arising under or relating to this Agreement" (the "Arbitration Provision"). The current dispute does not arise under or relate to the Agreement, and is thus not subject to the Arbitration Provision.

## SUBJECT MATTER JURISDICTION

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1338(a) because the underlying claims asserted arise under the Copyright Act, 17 U.S.C. § 101 *et. seq.*  Federal district courts have original and exclusive jurisdiction over all civil actions arising under the copyright laws of the United States, and Goldman's claims for copyright infringement require interpretation, application, and enforcement of federal statutory rights.

4.    The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Cumulus is a citizen of Georgia and Delaware, and Goldman is a citizen of New York.  Accordingly, complete diversity exits, and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## PERSONAL JURISDICTION AND VENUE

5.    Personal Jurisdiction and Venue are proper in this District pursuant to 28 U.S.C. § 1400(a) because this action arises under the copyright laws of the United States and may be instituted in any judicial district in which the defendant resides and can be found.  Goldman resides in New York, New York, making jurisdiction and venue proper in the Southern District of New York.

## THE PARTIES

6.    Plaintiff Cumulus Media Inc. is incorporated in Delaware with a registered agent at 251 Little Falls Drive, Wilmington, Delaware 19808, and headquartered at 780 Johnson Ferry

Rd., Unit 500, Atlanta, Georgia, 30342, and is one of the largest owners and operators of AM and FM radio stations in the United States operating hundreds of radio stations across dozens of U.S. media markets.

7.     Defendant Goldman is an individual residing at 15 West 55th Street, Apartment 5B, New York, NY 10019.

## FACTUAL BACKGROUND

**The Prior Dispute and Agreement**

8.     The Prior Dispute involved allegations that Goldman asserted against Cumulus claiming copyright infringement and other causes of action based on Cumulus' alleged publication and dissemination of a photograph of Tom Brady, the copyright in which Goldman claimed to own (the "Brady Photograph"), on a website alleged to be owned and controlled by Cumulus.

9.     Cumulus denied liability relating to the Prior Dispute and would have asserted affirmative defenses in response to Goldman's claims.

10.     Despite such denials of liability, Cumulus entered into the Agreement on or about April 3, 2017, and provided monetary consideration to Goldman. In exchange, Goldman released Cumulus from all claims and demands related to the Prior Dispute, that is, prior to the effective date of the Agreement.

11.     The Agreement expressly stated that "[Cumulus] denies legal liability to Goldman; and that [Cumulus]'s execution of this Agreement shall not be deemed or construed in any way at any time or for any purpose as an acknowledgement or admission of liability that it has violated or failed to comply with any federal, state, or local statute, code, ordinance, regulation or any other applicable law or policy or that any common law claims exist or may exist on the part of [Cumulus]."

12.     The Agreement contains no affirmative obligations on Cumulus to do, or not do, anything subsequent to the effective date of the Agreement, with respect to the Brady Photograph, or any continuing obligations on Cumulus whatsoever.

13.     While promising payment to Goldman in exchange for a release of claims, Cumulus made no representations regarding ownership or use of the Brady Photogaph, and specifically denied all liability.

14.     Further, under the Agreement, Cumulus made no representations of any kind regarding future publication or use of the Brady Photograph.

15.     The Agreement contains the Arbitration Provision, stating in relevant part: "All claims and disputes arising under or relating to this Agreement are to be settled by binding arbitration in the state of New York or another location mutually agreeable to the parties."

**The Present Dispute and Arbitration Demand**

16.     On or about December 27, 2025, Goldman contacted Cumulus by email, alleging that Cumulus was using the Brady Photograph in a post on X (formerly Twitter) from an account owned or controlled by Cumulus (the "New Alleged Infringement"), in a manner that Goldman alleged constituted "a new act of copyright infringement" and "a material breach of the Settlement Agreement."

17.     On receiving Goldman's new allegations, Cumulus took down the post containing the Brady Photograph, but did not admit liability for infringement or that the Agreement was breached or even applicable to the alleged conduct at issue.

18.     Over the next two weeks, Goldman and a representative of Cumulus exchanged emails attempting to resolve this new dispute regarding the New Alleged Infringement. The parties were unable to reach a resolution through that email exchange.

19.     On or about January 21, 2026, Goldman served a demand for arbitration on Cumulus stating as follows:

> This dispute arises out of a written settlement agreement between Claimant [Goldman] and Respondent, Cumulus Media Inc., resolving prior unauthorized use of Claimant's copyrighted photograph. Following execution of the settlement, Respondent publicly displayed the same copyrighted photograph on the X (Twitter) platform through its KNBR-branded account without authorization. The post-settlement display constitutes a new and independent infringement and/or breach of the settlement agreement, giving rise to a dispute expressly subject to arbitration under Section 8 of the agreement. Respondent has acknowledged the post-settlement display, removed the content after notice, but disputes liability and valuation. Claimant seeks damages, fees, and other relief arising from Respondent's post-settlement conduct.

Demand for Arbitration, Exhibit A, p 1.

20.     Goldman's arbitration demand seeks $250,000. *Id.*

21.     Goldman alleges no facts to support any breach of the Agreement or any claim arising from or related to the Agreement, but instead asserts that Cumulus has committed a new infringement of his alleged copyright.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT
### (28 U.S.C. § 2201; 17 U.S.C. § 101 *et seq.*)

22.     Cumulus realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

23.     An actual, substantial, and immediate controversy exists between Cumulus and Goldman concerning whether Cumulus has infringed any copyright allegedly owned by Goldman.

24.     Goldman has asserted that Cumulus' conduct infringes his purported copyright rights in the Brady Photograph and has initiated legal action based on such assertion.

25.     Cumulus denies that it has infringed, is infringing, or will infringe any valid copyright owned by Goldman, on one or more grounds.

26.     In particular, for example, Cumulus denies that the Brady Photograph exhibits the required originality to be copyrightable under the Copyright Act, and/or that Cumulus' conduct, including the use and/or or display of the Brady Photograph on Cumulus' X account does not infringe any exclusive rights granted under the Copyright Act, 17 U.S.C. § 106.

27.     Moreover, as another example, on information and belief, Goldman knew or reasonably should have known about the alleged infringement of the Brady Photograph complained of, for more than three (3) years before bringing its arbitration demand (or any new lawsuit based on the alleged infringement of the Brady Photograph), and any such claim of infringement would be barred by the applicable statute of limitations, 17 U.S.C. § 507.

28.     Moreover, even if Goldman owns a valid copyright in the Brady Photograph and Cumulus' conduct qualifies as an infringement thereof, Cumulus is not liable for any monetary damages, and certainly cannot possibly be liable for the amount demanded in the arbitration demand.

29.     Cumulus has made no revenue, much less profit, from the New Alleged Infringement of the Brady Photograph.

30.     On information and belief, Goldman has lost no sales or revenue attributable to the New Alleged Infringement of the Brady Photograph, and has incurred no actual damages.

31.     Even if Goldman owns a valid copyright in the Brady Photograph and Cumulus' conduct qualifies as an infringement thereof, and even if Goldman were able to prove that he is entitled to statutory damages under the Copyright Act, 17 U.S.C. § 504(c), Cumulus' New Allged

Infringement was innocent, and therefore, Goldman is entitled to only statutory damages in the sum of $200 under 17 U.S.C. § 504(c)(2).

32.    Even if Cumulus is not found to be an innocent infringer, under an appropriate application of the factors set forth in *Bryant v. Media Right Productions*, 603 F.3d 135, 144 (2d Cir. 2010), Goldman would be entitled, if at all, to only statutory damages in the amount of $750 under 17 U.S.C. § 504(c)(1).

33.    In any case, Goldman could not possibly be entitled to a statutory damages award of $250,000, as demanded in the arbitration demand; such sum vastly exceeds the maximum amount of statutory damages awardable, even in the case of willful infringement. 17 U.S.C. § 504(c)(2).

34.    Because Goldman's assertions place Cumulus at risk of imminent litigation and ongoing business harm, Cumulus is entitled to relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, so that the Parties may obtain a judicial determination of their respective rights and legal relations.

35.    A declaratory judgment will serve the useful purpose of clarifying and settling the legal relations at issue and will afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## COUNT II
### Declaratory Judgment of No Obligation to Arbitrate
### (28 U.S.C. § 2201)

36.    Cumulus realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

37.    An actual and immediate controversy exists between Cumulus and Goldman concerning whether Cumulus is obligated to submit any dispute between the Parties to arbitration.

38.     Goldman has asserted that Cumulus is required to arbitrate the claims at issue pursuant to an alleged agreement to arbitrate.

39.     Cumulus denies that it is a party to any valid agreement requiring arbitration of the current copyright dispute.

40.     No contract, validly formed or binding as to Cumulus, contains a mandatory arbitration clause applicable to the matters in controversy.

41.     Because Goldman's assertion of an arbitration obligation creates uncertainty and threatens to impair Cumulus' ability to pursue or defend its rights in this Court, an actual controversy exists regarding the existence and enforceability of any alleged arbitration obligation.

42.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Cumulus seeks a declaration that it is not obligated to arbitrate the dispute at issue and that the arbitration provision relied upon by Goldman is inapplicable, or otherwise does not require arbitration of this dispute.

43.     Pursuant to 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure, Cumulus requests that this Court enjoin Goldman from initiating, pursuing, or continuing any arbitration relating to this dispute.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment declaring that:

a.     Cumulus has not infringed, does not infringe, and is not liable for infringing any copyright owned or claimed by Goldman;

b.     Cumulus is entitled to engage in the conduct alleged in this Complaint without fear of liability for copyright infringement;

c.     Cumulus is not obligated to arbitrate the dispute with Defendant;

d.     No valid or enforceable agreement requires Cumulus to arbitrate any of the claims or issues in this action;

e.    This Court is the proper forum for resolution of the Parties' dispute; and

f.    Awarding Cumulus costs and such other and further relief as the Court

deems just and proper.

February 25, 2026

**GREENBERG TRAURIG, LLP**

By:_____s/Jerrold Goldberg_____
        Jerrold Goldberg
        900 Stewart Avenue
        Garden City, New York 11530
        212-801-9209
        Attorneys for Plaintiff

9